RATTET, PASTERNAK & GORDON OLIVER, LLP
Attorneys for 7th Avenue
Restaurant Group Holdings, LLC
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

James B. Glucksman (JBG 5722)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
In re:                                                    Chapter 11
                                                :
7th Avenue Restaurant Group Holdings, LLC,     :
                                                :          United States Bankruptcy
                                                :          Court - SDNY
                                                :          Case No. 07-11523
                                                :
                                                :
                            Debtor.             :          07 Civ. 3903 (SHS)(AJP)
-------------------------------------------------------------- X
7th Avenue Restaurant Management Group,
LLC,

                            Plaintiff,          :

7th Avenue Restaurant Group Holdings, LLC,     :   Index No. 601560-2007
Keith F. Groggin and Steven B. Malkenson,          (Supreme Court-New York
                                                    County)
                                                :
                            Defendants.
-------------------------------------------------------------- x

## NOTICE OF REMOVAL

**TO THE HONORABLE DISTRICT COURT JUDGE
ASSIGNED TO THESE PROCEEDINGS:**

    7th Avenue Restaurant Group Holdings, LLC, one of the above-captioned Defendants

1

("Group Holdings"), by its attorneys Rattet, Pasternak & Gordon Oliver, LLP, respectfully provides notice to this Court of removal of the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, and respectfully represents as follows:

1. On or about May 9, 2007, the Plaintiff commenced the above-captioned action by the filing of a Summons and Complaint against Defendants 7th Avenue Restaurant Group Holdings, LLC, Keith F. Groggin and Steven B. Malkenson, ("Defendants") in Supreme Court, County of New York (the "State Court"). A copy of the Complaint is attached hereto as Exhibit "A".

2. The action has been assigned Index Number 601560-2007 in the State Court.

3. No answer has been filed.

4. The process and pleadings within the meaning of 28 U.S.C. Sections 1446(a) and 1452 are annexed hereto.

5. The Automatic Stay has not been lifted in these proceedings.

6. This Notice of Removal is being timely filed pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure.

7. This action is a "core proceeding" within the meaning of 28 U.S.C §157(b)(2)(A), (B), (C) and (O) in that the action concerns: (i) the continuity of business operations of the Debtors and identity of management; (ii) the allowance or disallowance of claims filed against the Estate, and (iii) determination of the Debtors' counterclaims against Plaintiff. Further, the Debtor cannot timely proceed in its attempt to reorganize under Chapter 11 of the Bankruptcy Code without determination of the claim of Plaintiff, and the rights of the parties pursuant to a certain temporary restraining order apparently entered on

May 17, 2007, of which the Debtors, upon information and belief, have not received a copy.

      8.      On or about May 18, 2007, Debtors 7th Avenue Restaurant Group, LLC and 7th Avenue Restaurant Group Holdings, LLC filed voluntary petitions pursuant to Chapter 11 of the Code, Case Nos. 07-11522 and 07-07-11523 respectively, and have been continued in possession of their businesses, management of their properties and management of their affairs as provided in 11 U.S.C. §§ 1101, 1107 and 1108.

      9.      Pursuant to 28 U.S.C. Section 1334(d) and the permanent order of reference of the United States District Court for the Southern District of New York issued pursuant to 28 U.S.C. §157, the Bankruptcy Court has exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and of property of the estate, as well as the determination and allowance of claims against the Estate. Consequently, the above captioned action, which involves the disposition of property of the Debtors as well as the proper administration of the Debtor's bankruptcy estate, should be decided by the Honorable Judge assigned to these proceedings. Therefore, upon removal, this Civil Proceeding should be referred to the Honorable Stuart M. Bernstein, Bankruptcy Judge, assigned to the bankruptcy case for administration.

10. This action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1334, and is one which may be removed to this Court by the Debtor pursuant to the provisions of 28 U.S.C. Section 1452, in that the matter in controversy is a civil action which is a core proceeding and central to the administration of the bankruptcy case.

Dated: Harrison, New York
      May 18, 2007

                                RATTET, PASTERNAK & GORDON OLIVER, LLP
                                Attorneys for the Debtors/Defendant
                                7th Avenue Restaurant Group Holdings, LLC
                                550 Mamaroneck Avenue
                                Harrison, New York 10528
                                (914) 381-7400

                                    /s/ James B. Glucksman
                            By: _____
                                James B. Glucksman (5722)

**EXHIBIT "A"**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

7th Avenue Restaurant Management Group, LLC,

                       Plaintiff,                Index No. 07 -

    - against -

7th Avenue Restaurant Group Holdings, LLC,    **VERIFIED COMPLAINT**
Keith F. Goggin and Steven B. Malkenson,

                       Defendant.

------------------------------------------------------------------x

Plaintiff 7th Avenue Restaurant Management Group, LLC, by its attorneys, Kerr & Richards, as and for its Complaint against Defendants, alleges as follows:

## THE PARTIES

1.    Plaintiff 7th Avenue Restaurant Management Group, LLC is a limited liability company organized and existing under the laws of the State of New York and has a principal place of business in the City, County and State of New York located at 322 E. 90th Street, Apt. 1A, New York, New York 10128 (hereinafter, "Management").

2.    Defendant 7th Avenue Restaurant Group Holdings, LLC is a limited liability company organized and existing under the laws of the State of New York and has a principal place of business in the City, County and State of New York located at 5 E. 17th Street, Apt. 7, New York, New York 10003 (hereinafter, "Holdings").

3.    Defendant Keith F. Goggin is a citizen and resident of the City, County and State of New York and is the Managing Member of Defendant Holdings (hereinafter, "Goggin").

4.    Defendant Steven B. Malkenson is a citizen and resident of the City, County and State of New York and is the Managing Member of Defendant Holdings (hereinafter, "Malkenson").

## ALLEGATIONS COMON TO ALL CAUSES OF ACTION

### The Operating Agreement

5. 7th Avenue Restaurant Group LLC is a limited liability company organized and existing under the laws of the State of New York and has a principal place of business in the City, County and State of New York located at at 130-138 Seventh Avenue, New York, New York 10011-1803 (hereinafter, "Restaurant Group").

6. Restaurant Group has two DBA's – doing business as "Tasca" and "Central Kitchen", both located at 130-138 Seventh Avenue.

7. By "Operating Agreement of 7th Avenue Restaurant Group, LLC" dated September 1, 2006 ("Operating Agreement"), Plaintiff Management and Defendant Holdings entered into a contract, setting forth the rights and liabilities of both Plaintiff and Defendant as members of Restaurant Group. (A copy of the pertinent sections of the Operating Agreement is annexed hereto as Exhibit "1"). The Operating Agreement was executed by Plaintiff Management by Robert B. Meller and Craig Wilson, co-managing members of Management. The Operating Agreement was executed by Defendant Goggin as managing member on behalf of Defendant Holdings.

8. As agreed, the Operating Agreement designates Management as the managing member of Restaurant Group. (*See* Ex. 1, Operating Agreement, § 7.1)

9. As agreed, the Operating Agreement further precludes all other members from taking part in the management of the Company. (*See* Ex. 1, Operating Agreement, § 7.3)

10. Specifically, the Operating Agreement, § 7.3, sets forth as follows:

> Since the management of the Company [Restaurant Group] is vested in the Manager, no Member of this Company shall take part in the management of the Company business, transact any business for the Company, or have the power to bind the Company.

11. Further, Section 7.4 of the Operating Agreement, states that:

2

The Manager may only be removed as Manager of the Company under the following circumstances . . . :

(b) upon the vote of the Members owning all (100%) of the Unreturned Capital Contributions, if any, or upon the vote of the Members owning three-quarters (75%) of the Membership Interests.

(Ex. 1, Operating Agreement)

12. Finally, pursuant to Section 15.1 of the Operating Agreement, the Operating Agreement may only be amended in writing, by a vote of the "Members owning eighty percent (80%) of the outstanding Membership Interests, after Notice and opportunity for discussion . . . ." (Ex. 1, Operating Agreement, § 15.1)

### Plaintiff's Capital Contributions

13. Management has contributed over Eighty One Thousand Dollars ($81,000.00) in capital to Restaurant Group (hereinafter, "Management's Unreturned Capital Contribution").

14. The Operating Agreement defines "Capital Contribution" as "any contribution of cash, property, services or the obligation to contribute cash, property or services made by or on behalf of a Member." (Ex. 1, Operating Agreement Art. 1)

15. Specifically, by "Promissory Note Series A" dated March 19, 2007, Management loaned Restaurant Group the sum of $35,000.00 at a rate of 14% per annum. (hereinafter, "Management Note". A copy of the Management Note is annexed hereto as Exhibit "2").

16. On April 23, 2007, Management loaned Restaurant Group an additional $4,000.00 in cash.

17. From September 1, 2006 until January 16, 2007, Management did not receive its compensation for services of $2,000.00 per week as set forth under Section 7.2 of the Operating Agreement. (*See* Ex. 1, Operating Agreement § 7.2)

18. Management has not received its full compensation for services since April 9, 2007.

19. Management has not received full reimbursement of its out-of-pocket expenses incurred on behalf of the Restaurant Group, as set forth under Section 7.2 of the Operating Agreement (*See* Ex. 1, Operating Agreement § 7.2)

**The Unlawful Freeze Out**

20. Starting in early January of 2007, Defendant Holdings, *vis a vis* its managing member, Goggin, and individual Defendant Malkenson, commenced a pattern and practice of marginalizing the ability of Plaintiff to perform under the Operating Agreement.

21. Specifically, Holdings, Gogin and Malkenson rehired a contractor after the contractor was terminated by Management, in conscious disregard of Article 7 of the Operating Agreement.

22. On March 19, 2007, Holdings, Goggin and Malkenson, demanded that all expenditures be approved by them, and that they be sole authorized signatories on all accounts.

23. The foregoing actions were taken with total disregard to corporate formalities in that no meeting of the members of Restaurant Group was ever duly noticed or convened, in direct contravention of the Operating Agreement and the New York Limited Liability Company Act.

24. By letter dated April 23, 2007, Defendant Goggin, purportedly on behalf of Defendant Holdings, notified Management that it unilaterally removed Management as the manager of the Restaurant Group, citing Article 7, Section 4, Subsection (b). (*See* Ex. 1, Operating Agreement, § 7.4 (b))

25. Defendants simply did not have the requisite unanimous vote of the requisite parties to effectuate a change in management.

26. Holdings is not the 100% owner of the "Unreturned Capital Contributions" as delineated in the Operating Agreement.

4

27. Management, as owner of at least $81,000 of the "Unreturned Capital Contributions" as set forth above, did not vote in favor of its removal and termination.

28. Management, as owner of at least $81,000.00 of the "Unreturned Capital Contributions" as set forth above, never received notice of a meeting of the members of Restaurant Group, in direct contravention of the Operating Agreement and the New York Limited Liability Company Act. Moreover, based upon information and belief, such a meeting was never convened.

29. Since that time, Defendants have precluded Management from further management of the Restaurant Group by denying Management's members access to Restaurant Group's operations, its books and records, and by changing the locks to both Tasca and Central Kitchen, and changing all access codes, passwords and PINs to its financial and security systems.

30. Defendants have also disparaged the reputations of the Management members by continuing the lock-out effected by this freeze-out, and by falsely notifying all staff, the landlord and specific vendors that Management was replaced, removed and terminated.

31. Specifically, by electronic mail dated March 5, 2007, from Goggin to Holdings and Management, Goggin falsely stated among other disparaging information that "you [Management] work for me."

32. Moreover, in various conversations and most notably, on or about March 26, 2007, Defendant Malkenson via phone conversation with Sam Firer, Partner of Hall Group Public Relations, the public relations vendor for Restaurant Group, stated that Management, and in particular, one of its members, Robert B. Meller, was, in effect, "incompetent", "stupid" and that Malkenson "was taking over public relations."

## AS AND FOR A FIRST CAUSE OF ACTION

### (Declaratory Judgment)

33.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 32 hereof, as if set forth in full herein.

34.     Based upon the foregoing, Plaintiff respectfully requests a declaration as to the rights and liabilities under the Operating Agreement, and in particular, Holdings' purported termination of Management, in contravention of Article 7 of the Operating Agreement.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Injunction – Restoration of Manager)

35.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34 hereof, as if set forth in full herein.

36.     Defendants is unlawfully precluding Management from managing Restaurant Group in contravention of the Operating Agreement and New York's Limited Liability Company Law.

37.     Defendants are holding themselves out as manager, in contravention of the Operating Group. Such an agency relationship has not been properly authorized.

38.     Defendants have denied Management's agency relationship as manager of Restaurant Group, to vendors, customers, the landlord and staff. Defendants have falsely notified vendors, customers, the landlord and staff that Management has been terminated and that Holdings is the current manager, with Goggin as the managing member.

39.     Restaurant Group has several permits pending with City and State authorities, including both a café and liquor license. Defendants have been and continue to hold themselves falsely out as the manager of Restaurant Group to these authorities.

40. Based upon the foregoing, Plaintiff respectfully requests that Defendants be enjoined from further effecting the unlawful "freeze out" of Management from managing Restaurant Group.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Breach of Contract)

41. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 40 hereof, as if set forth in full herein.

42. Defendants have disregarded the terms of the Operating Agreement.

43. Defendants have effected a freeze-out of Management in breach of the Operating Agreements' provisions setting forth the duties of Management as the sole manager, and in contravention of its mechanism for removal and termination of manager.

44. Based upon the foregoing, Plaintiff has been damaged in an amount to be proven at trial, but in excess of $250,000.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Against Individual Defendants Goggin and Malkenson)

### (Slander and Defamation *per se*)

45. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 44 hereof, as if set forth in full herein.

46. On or about March 26, 2007, Defendant Malkenson via phone conversation with Sam Firer, Partner of Hall Group Public Relations, the public relations vendor for Restaurant Group, stated that Management, and in particular, one of its members, Robert B. Meller, was, in effect, "incompetent", "stupid" and that Malkenson "was taking over public relations."

47. By electronic mail dated March 5, 2007, Defendant Goggin published to Defendant Malkenson and Nick Weiss, both members of Holdings, in response to a dialogue about budgeting

7

construction costs, by stating that Management "should get used to that. With $900,000 at stake, you do work for us." Further, by letter dated April 23, 2007, Defendant Goggin, as managing member of Holdings, published to Defendant Malkenson, Nick Weiss and Peter Joseph, all members of Holdings, that Management was unilaterally terminated.

48. The long-term harm to Management's reputation with the members of Holdings, and Restaurant Group's vendors, customers and staff cannot be quantified. Such statements are damaging to the business reputations of the members of Manager and as such, damages need not be proven because they are defamatory and/or slanderous *per se*.

49. Based upon the foregoing, Plaintiff has been damaged in an amount to be proven at trial, but in excess of $500,000.

## AS AND FOR A FIFTH CAUSE OF ACTION

### (Waste and Mismanagement)

50. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 hereof, as if set forth in full herein.

51. Defendants have usurped Management, made material alterations to the leasehold premises of Restaurant Group, and have conducted Restaurant Group's operations without authority.

52. Defendants have also conducted an unlawful "freeze-out", wasting Restaurant Group's valuable time and money on litigations, rather than its primary business of food and beverage management.

53. The long-term harm to Management's reputation with the members of Holdings, and Restaurant Group's vendors, customers and staff cannot be quantified.

54. Defendants' conduct constitutes gross mismanagement of the company affairs of Restaurant Group, resulting in a waste of the assets of Restaurant Group.

55.  Based upon the foregoing, Plaintiff has been damaged in an amount to be proven at trial.

**WHEREFORE**, Plaintiff demands judgment as follows:

(1)  On the first cause of action, a declaratory judgment as to the rights and liabilitiyes under the Operating Agreement;

(2)  On the second cause of action, a permanent injunction enjoining Defendants from further effecting an unlawful "freeze out" of Management from managing Restaurant Group;

(3)  On the third cause of action, compensatory damages in an amount to be proven at trial, but in excess of $250,000;

(4)  On the fourth cause of action against the individual defendants, compensatory damages to be proven at trial, but in excess of $500,000;

(5)  On the fifth cause of action, compensatory damages to be proven at trial; and

(6)  Such other, further and different relief, as the Court may deem just and proper, including attorneys' fees, costs and disbursements.

Dated: New York, New York
       May 9, 2007

KERR & RICHARDS

_____
William B. Kerr
*Attorneys for Plaintiff*
14 Wall Street, 20th Floor
New York, New York  10005
Tel: (212) 423-0305
Fax: (212) 423-0304

## VERIFICATION

State of New York    )
                     ) ss:
County of New York   )

I, Robert B. Meller, declare under penalty of perjury under the laws of the State of New York, that I am a member of 7th Avenue Restaurant Management Group, LLC. The information provided in the annexed Complaint, is true and accurate to the best of my knowledge and belief, and that as a managing member, I am authorized to make this Verification on behalf of 7th Avenue Restaurant Management Group, LLC.

_____
Robert B. Meller

Sworn to before me this 8th day of May, 2007

_____
Notary Public
My commission expires 7/28/07

JEREMY PANZELLA
Notary Public, State of New York
No. 01PA6096524
Qualified in Richmond County
Commission Expires July 28, 2007

~~My commission expires the ___ day of 2____~~